UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY PENSION
FUND, *et al.*,

    Plaintiffs,

    v.

M-K SIGNS, INC., *et al.*,

    Defendants.

Civil Action No. 10-105 (CKK)

**MEMORANDUM OPINION**
(May 25, 2010)

    This action is brought by Plaintiffs International Painters and Allied Trades Industry Pension Fund (the "Pension Fund") and Gary J. Meyers, in his official capacity as a fiduciary ("Meyers"), against Defendants M-K Signs, Inc. ("M-K Signs") and Deco Graphic Systems, Inc. ("Deco"), each doing business under various names (collectively, "Defendants") for legal and equitable relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiffs seek to recover unpaid contributions, liquidated damages, interest and attorneys' fees and costs incurred by the Fund pursuant to 29 U.S.C. § 1132(g)(2)(A)-(D) and a collective bargaining agreement entered under 29 U.S.C. § 185 by Defendants. Although properly and timely served with the Complaint and Summons, Defendants failed to respond to the Complaint, and the Clerk of the Court, upon request by Plaintiffs, entered default against Defendants on May 4, 2010. *See* Default, Docket No. [7]. Presently before the Court is Plaintiffs' [8] Motion for Judgment by Default by the Court Pursuant to Federal Rule of Civil Procedure 55(b) Against Defendants. Having thoroughly considered the Complaint,

Plaintiffs' submissions and attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT Plaintiffs' [8] Motion for Default Judgment, for the reasons stated below.

## I. BACKGROUND

The Pension Fund is a trust fund established under 29 U.S.C. § 186(c)(5), and its Trustees are fiduciaries and plan administrators for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan"), which is a multiemployer employee benefit pension plan. Compl. ¶¶ 4-5. The Pension Fund and Meyers are authorized collection agents for the Pension Plan.

As set forth in the Complaint, Plaintiffs assert that Defendant M-K Signs was a party to or agreed to abide by the terms of a collective bargaining agreement ("Labor Agreement") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (collectively, the "Union"). Compl. ¶ 12. Plaintiffs also allege that the M-K Signs has agreed to abide by an Agreement and Declaration of Trust of the Fund ("Trust Agreement") as well as plan documents for the Pension Fund. *Id.* ¶ 13. Under the Labor Agreement, the Trust Agreement, and the plan documents, M-K Signs agreed to make certain contributions to the Pension Fund based on M-K Signs' employees' work, file monthly remittance reports with the Pension Fund detailing all employees' work for which contributions were required, produce records necessary to permit the Pension Fund to conduct an audit, and pay certain costs associated with litigation if M-K Signs failed to comply with its obligations. *Id.* ¶ 14. Plaintiffs allege that M-K Signs failed to make the required monthly payments for the period from April 2009 through the present and that M-K Signs has otherwise failed to make

2

contributions required under the agreements. *Id.* ¶¶ 19-40. Plaintiffs allege that Defendant Deco is the alter ego, single employer, and/or successor of M-K Signs with knowledge of the debt owed to the Pension Fund by M-K Signs. *Id.* ¶ 16.

Pursuant to the terms of the various agreements, Plaintiffs assert that they are entitled to: a monetary judgment against Defendants for violation of 29 U.S.C. § 1145 in the amount of the unpaid contributions to the Pension Fund, liquidated damages, interest on the unpaid contributions, as well as costs, audit expenses and attorneys' fees (Count I); an audit of M-K Signs' records to determine the amounts owed (Count II); after an audit, a monetary judgment against Defendants for violation of 29 U.S.C. § 1145 in the amount of the contributions found due and owing by the audit, together with late charges, interest, liquidated damages, costs, and fees (Count III); a monetary judgment against Defendants for breach of the Labor Agreement (and its incorporated agreements) in the amount of unpaid funds owed, including liquidated damages, interest and costs, and reasonable attorneys' fees (Count IV); and a monetary judgment against Defendants for breach of the Labor Agreement (and its incorporated agreements) for unpaid funds found due and owing by the audit (Count V). Compl. ¶¶ 19-40. Plaintiffs, in their instant motion, have moved for default judgment seeking: (1) a declaration that M-K Signs and Deco are jointly and severally liable as alter egos, joint employers, or a single employer, for the debt of M-K Signs; (2) a judgment for $32,964.28, a sum known to be due and owing consisting of unpaid contributions, interest, liquidated damages, and attorneys' fees and costs; (2) an order declaring that the judgment shall continue to bear interest until the date of actual payment; and (3) an order enjoining M-K Signs to submit to audit of their wage, payroll, and personnel records and accurately complete and submit all outstanding remittance reports. *See* Pls.' Proposed Order.

Defendants were served with the Complaint and Summons on February 10, 2010, and were therefore required to respond by March 3, 2010. *See* Notices of Filing Return of Service, Docket Nos. [3]-[4]. Defendants failed to file an answer or otherwise respond to Plaintiffs' Complaint, and Plaintiffs subsequently moved for entry of default. *See* Pls.' Request to Clerk to Enter Default, Docket No. [6]. On May 4, 2010, the Clerk of the Court entered default against Defendants. *See* Default, Docket No. [7]. Plaintiffs subsequently filed the instant [8] Motion for Judgment by Default. As of the date of this Memorandum Opinion, Defendants have not entered an appearance nor filed any pleadings in this case.

## II. LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC,* 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered Defendant's default, and the factual allegations in the Complaint are therefore taken as true. *See Int'l Painters & Allied Trades*

*Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

Plaintiffs seek a monetary judgment against both M-K Signs and Deco for the amount of delinquent contributions, liquidated damages, interest, and an award of attorneys' fees. The Court finds that Plaintiffs' Complaint sufficiently alleges facts to support their claims. *See* Compl. Exs. 1(a)-(b) (Agreements between M-K Signs and the Union). Plaintiffs are thus entitled to default judgment as to Defendants' liability for their failure to timely pay contributions to the Pension Fund and to supply records necessary to permit the Pension Fund to determine if Defendants are making the payments as required under the terms of Labor Agreement, the Trust Agreement, the plan documents for the Pension Fund, and other related agreements.

    A.    *Alter Ego Liability*

"In the ERISA context, alter ego liability enables ERISA trustees to 'recover delinquent contributions from a sham entity used to circumvent the participating employer's pension obligations.'" *Flynn v. Veazey Constr. Corp.*, 424 F. Supp. 2d 24, 33 (D.D.C. 2006) (quoting *Flynn v. R.C. Tile*, 353 F.3d 953, 958 (D.C. Cir. 2004)). "The purpose of alter ego liability is to prevent employers from evading their obligations under labor laws and collective bargaining agreements through the device of making a mere technical change in the structure or identity of the employing entity . . . without making any substantial change in its ownership or management." *Id.* (quotation marks and citation omitted). When determining whether two businesses are alter egos for purposes of ERISA § 515, courts evaluate "the similarities between

5

the two enterprises in their ownership, management, business purpose, operations, equipment, and customers." *R.C. Tile*, 353 F.3d at 958.[1]

Here, Plaintiffs have alleged in their Complaint that Deco and M-K Signs have identical officers and management, serve the same or similar customer based, share the same employees and equipment, operate out of the same business address, and shared awareness of M-K Signs' obligations to the Pension Fund. *See* Compl. ¶ 15. In addition, Plaintiffs have produced evidence in the form of a declaration and supporting exhibits demonstrating that both M-K Signs and Deco share the same owners, officers, address, business purpose, and customer base. *See* Pls.' Mot. for J. by Default, Exs. 1 (Decl. of Thomas Montefore), 2a (Corp. File Detail Report for Deco Graphic Systems), 2b (Corp. File Detail Report for M-K Signs, Inc.). Therefore, based on the allegations in the Complaint and the evidence submitted with Plaintiffs' motion, the Court finds that a default judgment may be entered against Deco as the alter ego of M-K Signs.

B. *Judgment for Damages Ascertainable Without an Audit*

Under Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When an employer fails to make such contributions,

---

[1] The D.C. Circuit suggested in *R.C. Tile* that when the two businesses are incorporated, a more rigorous analysis may be required the general presumption that a corporation's existence is presumed to be separate, citing *Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc.*, 104 F.3d 1050, 1055 (8th Cir. 1997). *See* 353 F.ed at 958 n.***. However, this Court agrees with the other Judges in this District who have determined that the standards applied in *R.C. Tile* should apply to cases involving incorporated businesses. *See Flynn v. Interior Finishes, Inc.*, 425 F. Supp. 2d 38, 52 n.15 (D.D.C. 2006) (Kennedy, J.); *Flynn v. Ohio Bldg. Restoration Inc.*, 317 F. Supp. 2d 22, 29-33 (D.D.C. 2004) (Walton, J.).

ERISA provides that the fiduciary for a plan may bring an action and obtain a mandatory award for the plan consisting of:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of–
>
>> (i) interest on the unpaid contributions; or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest is calculated using the rate provided under the plan, or, if none, the rate prescribed by 26 U.S.C. § 6621. *Id.* In addition to the remedies available under ERISA, a benefit trust fund may, as a third-party beneficiary, recover for breach of a collective bargaining agreement under 29 U.S.C. § 185(a). *See Hudson County Carpenters Union Local Union No. 6. v. V.S.R. Constr. Corp.*, 127 F. Supp. 2d 565, 568 (D.N.J. 2000) ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining agreement constitutes a violation of ERISA § 515 and a violation of [29 U.S.C. § 185]."); *see also Bugher v. Feightner*, 722 F.2d 1356, 1357-60 (7th Cir. 1983) (explaining that ERISA remedies are intended to supplement rather than supersede rights existing under 29 U.S.C. § 185(a)).

Plaintiffs have provided the Court with affidavits to support a damages award of

$32,964.28. Specifically, Plaintiffs argue that based on reports prepared by M-K Signs and submitted to the Pension Fund, Defendants owe at least $20,731.66 in unpaid contributions for the period from April 2009 to March 2010. *See* Pls.' Mot. for J. by Default, Ex. 1 (Decl. of Thomas Montemore) ¶ 8. Plaintiffs have also calculated that Defendants owe interest on the unpaid amounts through April 30, 2010, in the amount of $437.32, based on the unpaid contributions and the fluctuating IRS interest rate as provided in § 10 of the industry pension plan, which adopts the ERISA standard. *See id.* ERISA also provides that liquidated damages be awarded in the amount of 20% of unpaid contributions, which equals $4146.33. *See id.*

Plaintiffs also ask for attorneys' fees and costs in the amount of $7627.12. *See* Pls.' Mot. for J. by Default, Ex. 4 (Decl. of Elizabeth Coleman) ¶ 2. Plaintiffs have attached supporting documentation showing that they have incurred $6723.00 in attorneys' fees and $904.12 in costs in litigating this action. *See* Pls.' Mot. for J. by Default, Ex. 5 (May 2010 Attorneys' Fees, Time and Expense Details). This is based on 30.9 hours of attorney and paralegal time at rates of $220 per hour and $70 per hour, respectively, plus expenses for the filing fee, photocopies, and various other items. *See id.* Plaintiffs have provided documentation showing that these rates are reasonable for the services rendered. Accordingly, the Court shall award the attorneys' fees and costs requested. Thus, the total money judgment for Plaintiffs ascertainable without an audit shall be $32,964.28.

    C.    *Audit and Remittance Forms*

The Pension Fund utilizes audits to ensure that employers are providing accurate information regarding the eligibility of employees and required contributions. *See* Pls.' Mot. for J. by Default, Ex. 1 (Decl. of Thomas Montemore) ¶ 9. The Labor Agreement and the Trust

8

Agreement require Defendant to allow for audits. See Compl., Exs. 1(a)-(b) (Labor Agreements), art. XVI, § 16.01(3); *id.*, Ex. 2 (Trust Agreement), art. VI, § 6. These audits are necessary in order to determine the exact amount of Defendants' delinquency. The Court finds that Plaintiffs have shown they are entitled to audit Defendants' records, as provided for under the relevant agreements. The Court shall therefore order Defendants to make available to Plaintiffs, within twenty (20) days of service of this Court's Order upon it, all wage, payroll, and personnel and related records necessary for Plaintiffs to ascertain the precise amount of any delinquent contributions due and owing to Plaintiffs for all periods in which Defendants are obligated to make fringe benefit contributions to the Plaintiffs. Defendant shall bear the costs of said audit. Plaintiffs also indicate that Defendants have failed to submit timely remittance reports, upon which Plaintiffs rely in order to make benefit payments and calculations. *See* Pls.' Mot. for J. by Default, Ex. 1 (Decl. of Thomas Montemore) ¶ 10. The Court shall therefore order that Defendants fully and accurately complete and submit to the Pension Fund any and all outstanding remittance reports with the required information for each employee, including hours worked, wages paid, and contributions owed for that month, together with a check for the amount of contributions owed.

//
//
//
//
//
//

## III. CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiffs' [8] Motion for Judgment by Default. The Court shall award damages in the amount of $32,964.28, order Defendants to provide all outstanding remittance reports and provide books and records for an audit, and order other appropriate relief.

Date: May 25, 2010

                                                                    */s/*
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge